## CIRCUIT COURT OF THE CITY OF RICHMOND

Joseph Coppola

v.

Interior Dynamics, Inc.

October 31, 1995

Case No. LX-2905-1

BY JUDGE MELVIN R. HUGHES, JR.

After our telephone conference last week, I decided at that time that defense expert, Mr. Ayon, could testify at the trial in this matter, which is scheduled to occur on November 3. Left for later determination was whether another defense expert, Mr. Tyler, can testify. I have read counsel's letters on this question.

When the courts issued the Suggested Practices and Procedures, one of the aims was to avoid the very situation presented here, last minute preparation and disputes over matters that could have been noticed through discovery early on in trial preparation. There is also another consideration that guides the court's determination of whether this expert can testify; the court is reluctant to decide such questions based on the contacts, statements, and extent of such between counsel reflecting purported agreements and understandings between them, when there is no formal action in discovery.

There is agreement at least on one thing. In August 1995, according to defense counsel, "several days prior to August 25" both sides were aware of the existence of Tyler as a proposed expert witness for the defendant. The trial date then was September 14, 1995. On August 25, plaintiff propounded to defendant an expert interrogatory. This was not responded to until October 13, 1995, at which time Tyler was formally identified as an expert expected to testify at trial. Between August 25, when the interrogatory went out, and the response on October 13, each side gives their respective position regarding their and the witness's availability for the taking of his deposition, which did not ever occur.

While the court would not oppose the parties' agreement to do so, the ability to take an expert's deposition is not automatic under the rules. See Rule 4:1(b)(4)(A)(ii). What is required is a response to an interrogatory propounded pursuant to Rule 4:1(b)(4)(A)(i) within the prescribed period under Rule 4:8(d). Despite exceeding that period, defendant's position with respect to the ability of this witness to testify is that counsel has known all along, since August, who the expert is, and like the Rule, has been told, "the subject matter on which the expert is expected to testify, and . . . the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Under Rule 4:1(b)(4)(A)(i), defendant argues this is the substantial equivalent of a timely response to the interrogatory.

The court does not agree with defendant that, since plaintiff did not move to compel, he should be precluded from complaining that the interrogatory response is late. The court does not agree with defendant that *First Charter v. Middle Atlantic*, 218 Va. 304 (1977), is controlling because, among other things, there, the Supreme Court was dealing with whether the trial court properly exercised the discretion reserved to it in deciding whether a document identified the morning of trial could have been used in the proceedings. The guidelines tell the bar how discretion in these disputes will most likely be exercised. There are no extenuating circumstances present here. Nothing beats a formal reply to an expert interrogatory known to the defendant as early as August.

For these reasons plaintiff's motion to exclude Tyler is granted.